HANS MICHAELSON v. THE SERGEANT BLUFFS & SIOUX CITY BRICK COMPANY, Appellant.

ASSUMING RISK OF INJURY. Facts show that the employe is not entitled to recovery for injury.

*Appeal from Woodbury District Court.*—HON. A. VAN WAGENEN, Judge.

THURSDAY, JANUARY 31, 1895.

Action at law to recover damages for a personal injury. Trial by jury. Verdict and judgment for the plaintiff. Defendant appeals.—*Reversed.*

*Swan, Lawrence & Swan* for appellant.

*Lynn & Sullivan* for appellee.

Rothrock J.—The defendant is a corporation engaged in the manufacture of brick. The plaintiff was a laborer in the defendant's brickyard. The defendant's yard was so located that the clay used in making brick was obtained some distance from the place where the brick was molded, and the material or clay was carried from the clay bank to the manufactory by means of small cars, which run on tracks, and the cars were moved by means of a rope and revolving drum at the building. The plaintiff's employment in connection with the works was to wind the rope on the drum, and thus draw the loaded cars to the house and dump the clay. The bank where the clay was procured was not an excavation in the earth. It was a perpendicular elevation about twenty feet high, and the clay was removed from the bank by means of a steam shovel or scoop, which worked or scraped from the bottom of the bank upwards, and when filled it was swung round and emptied into the cars. The derrick upon which the shovel was suspended did not reach to the top of the bank, and, after working on the face of the bank for a time, the top of the bank not reached by the shovel interfered with the work so that it had to be removed. This was usually done by boring into the top of the bank, and expoding dynamite in the holes. On the sixteenth day of May, 1891, there was trouble with the overhanging bank, and the plaintiff went up on the derrick or crane with a pick, and attempted to remove the obstruction, so that the work could proceed. After picking at the bank for a short time, a chunk of clay fell and struck the plaintiff on the hand, and injured it so that he was unable to work for some time. As the detached clay came down, the plaintiff had his hand on the iron rod which supported the crane, and the hand was crushed between the rod and the clay.

There was no general caving of the bank. The piece which fell was described by all the witnesses as being of inconsiderable size. There was nothing on the face of the bank to indicate that there were any seams or breaks in the clay, and, so far as appeared from observation, the only danger the plaintiff incurred by attempting to remove the projecting clay was occasioned by the plaintiff himself. He went upon the crane for the very purpose of removing the projection, so that the shovel could be worked. The presumption is that he had sufficient knowledge of the law of gravitation to know that the clay that he removed must fall towards the earth. He claims that he was ordered by the foreman of the defendant company to go from the building and pick down the bank. The foreman testified that he gave no such order, and all the witnesses, including the plaintiff, testified that the foreman was not at the bank at or near the time of the accident, and two witnesses who were present when the plaintiff undertook the work testified positively that they objected to the plaintiff going on the crane and picking at the bank. It is true the plaintiff in his testimony denies that any one made any protest against his undertaking; and it may be, notwithstanding this apparent preponderance of evidence, it was the prerogative of the jury to determine the question of the veracity of the witnesses. But we think it is very plain that there was no right of recovery upon the plaintiff's own testimony. He was under no compulsion to go on the derrick, and in such a position that he could not escape contact with the clay which he picked down. The theory upon which it is sought to sustain the verdict is that the bank of clay had been bored into and dynamite exploded therein for the purpose of loosening the clay, and that thereby the bank became cracked and liable to fall, and plaintiff had no knowledge that it was dangerous, and that it was the duty of the foreman to examine it, and, if it was dangerous, to remove it. This theory is not sustained by the plaintiff's own testimony, from which it appears that he knew as much about the use of the dynamite as the other employes, and he had used the pick in the same manner before the time of the accident; and all of the evidence shows that the small part of the bank which came down and injured plaintiff's hand fell because he worked just below or under it with his pick. We have stated sufficient of the facts in the case to show that there should have been a verdict for the defendant. No other question is made in the case, except that under the evidence there was no right of recovery. We might cite scores of cases which, in principle, support the conclusion we have reached, but it is unnecessary to do so. It is enough to refer to the digests of decisions in this and other states. The judgment of the District Court is *reversed.*